

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-1447
Re: May the deputy in charge of
the branch office be paid an
amount other than the $100.00
per month mentioned in Arti-
cle 7256, Revised Civil Stat-
utes, 1925, as amended, for
issuing motor vehicle regis-
trations, and work other than
the issuing of ad valorem tax
receipts and may the county
pay the office rent?

Your letter of September 13, 1939, requesting an
opinion from this Department covering certain questions
raised by Mr. Ralph T. Agar, Assessor and Collector of Taxes
for Cameron County, Texas, and in connection with our re-
cent opinion No. O-834, approved August 12, 1939, has re-
ceived our attention.

In your request, our attention is called to our
opinion No. O-834 as applied to the issuance of automobile
registrations at branch offices, with the following question
asked this Department:

"May the Deputy in charge of the Branch Of-
fice be paid an amount other than the ($100.00)
one hundred dollars per month mentioned in Art.
7256, supra, for issuing Motor Vehicle Registra-
tions, and work other than the issuing of ad
valorem Tax receipts and may the county pay the
office rent?"

In your request, you have reference to the parti-
cular branch office as located at Harlingen, Texas, within

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

the county of Cameron, which is the same branch office mentioned and referred to in our opinion O-834.

Article 7256, Vernon's Annotated Statutes, as amended, in part, reads:

"* * * From each person from whom said Deputy may collect taxes and issue a receipt therefor, said Deputy is authorized to receive a fee of not exceeding twenty-five (25¢) cents when receipt issued covers property taxes, and he shall receive no other compensation for his services; and further provided he shall not retain more than One Thousand Two Hundred ($1,200.00) Dollars for any one calendar year, and the balance, if any, shall be deposited to the credit of the General Fund of the county. * * *"

Article 6675a-section 11, Vernon's Revised Civil Statutes of Texas, provides:

"As compensation for his services under the provisions of this and other laws relating to the registration of vehicles and chauffeurs and the transfer of vehicles, each County Tax Collector shall receive a uniform fee of fifty cents for each of the first one thousand receipts issued by him each year pursuant to said laws; he shall receive a uniform fee of forty cents for each of the next nine thousand receipts so issued, a uniform fee of thirty cents for each of the next fifteen thousand receipts so issued and a uniform fee of twenty cents for each of the balance of said receipts so issued during the year. Said compensation shall be deducted weekly by each County Tax Collector from the gross collections made pursuant to this Act (Arts. 6675a-1 to 6675a-14; P. C. Art. 807a) and other laws relating to the registration of vehicles and chauffeurs and the transfer of vehicles. Out of the compensation so allowed County Tax Collectors, it is hereby expressly provided and required that they shall pay the entire expense of issuing all license receipts and number plates and chauffeurs badges issued pursuant thereto, including the cost of labor performed in issuing said receipts, number plates and badges and the cost of postage used in mailing same to applicants."

Honorable Geo. H. Sheppard, Page 3


Article 3912e of Vernon's Annotated Civil Statutes, provides:

"Section 1. No district officer shall be paid by the State of Texas any fees or commission for any service performed by him; nor shall the State or any county pay to any county officer in any county containing a population of twenty thousand (20,000) inhabitants or more according to the last preceding Federal Census any fee or commission for any service by him performed as such officer; provided, however, that the assessor and collector of taxes shall continue to collect and retain for the benefit of the Officers' Salary Fund or funds hereinafter provided for, all fees and commissions which he is authorized under law to collect; and it shall be his duty to account for and to pay all such monies received by him into the fund or funds created and provided for under the provisions of this Act; provided further, that the provisions of this Section shall not affect the payment of costs in civil cases by the State, but all such costs so paid shall be accounted for by the officers collecting the same, as they are required under the provisions of this Act to account for fees, commissions and costs collected from private parties."

As the Tax Assessor-Collector of your county is compensated on an annual salary basis out of the Officers' Salary Fund, the fees provided for in Section 11, Article 6675a, supra, which he would otherwise be allowed to retain were he compensated on a fee basis, are to be paid into the Officers' Salary Fund. Thus the Officers' Salary Fund is augmented to the extent of such fees with the 100% of the net collections authorized to be retained by the county out of the collections made.

In opinion No. 0-834, approved August 12, 1939, rendered to Honorable Jack Wiech, County Attorney of Cameron County, Texas, a copy of which opinion is attached hereto, and which sets forth Articles 1605 and 7256, as amended, Article 7256, supra, being quoted in full, it is pointed out that the first portion of the latter article controls over the other provisions of said statute and is applicable to your county. It is further pointed out that these articles, being special statutes covering the subject of branch

Honorable Geo. H. Sheppard, Page 4

offices, the provisions thereof supersede and control over the general laws pertaining to regular deputies and their compensations under Article 3902, Revised Civil Statutes of Texas, as amended.

It will be noted that Article 7256 provides that in all counties containing a city or town, other than the county seat, which has an excess of seven thousand (7,000) inhabitants according to the last Federal Census, that a deputy assessor and collector of taxes is authorized to be appointed by the assessor and collector of taxes with the consent and approval of the Commissioners' Court. It further provides the method of compensating such deputy and fixes the compensation payable to him by limiting the fees for each receipt issued not exceeding twenty-five cents (25¢) on property taxes and that of such fees, he may retain not more than Twelve Hundred Dollars ($1,200.00) for any one calendar year. Such deputy's compensation is not only limited as to amount, but the statute further provides "he shall receive no other compensation for his services."

It is apparent therefore that Article 7256 as set forth in opinion O-834, being a special law with the exclusive and limited method fixing compensation for the branch office deputy, that said compensation therein provided is exclusive of all other compensation for fees to the same extent that regular deputies whose salaries are fixed by the Commissioners' Court under the provisions of Article 3902, supra, are likewise excluded from any additional compensation by reason of services performed in the Tax Assessor-Collector's office in issuing motor vehicle license receipts, number plates and chauffeurs badges.

It is, therefore, the opinion of this Department that the Commissioners' Court is not authorized to pay any amount in excess of Twelve Hundred Dollars ($1,200.00) for any calendar year as salary to a deputy of a tax assessor and collector compensated from the Officers' Salary Fund where he is authorized and appointed in branch offices maintained in a city, other than the county seat, which has in excess of seven thousand (7,000) inhabitants under the provisions of Article 7256, Revised Civil Statutes, 1925, as amended, for issuing motor vehicle license receipts. The Commissioners' Court is authorized to pay reasonable office rent necessary to the maintenance of such authorized branch office.

Trusting the above answers your request, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By ~~Wm. J. R. King~~
Wm. J. R. King
Assistant

WJK:LM

ENCLOSURE

APPROVED OCT 27, 1939

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN